787 F.2d 590
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EDWARD HILL, Petitioner-Appellant
v.
THEODORE KOEHLER, Respondent-Appellee.
 85-1294
 United States Court of Appeals, Sixth Circuit.
 3/17/86
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: MERRITT and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 In this habeas corpus case collaterally attacking a 1976 Michigan armed robbery conviction, the primary question is whether petitioner Hill's trial counsel provided constitutionally ineffective assistance of counsel in failing to object to the admission of his prior convictions and incarceration during cross-examination of a defense witness. Ms. Wood, Hill's trial counsel, testified at an evidentiary hearing in the District Court that she and Hill agreed on a trial strategy that was ultimately undermined by the last-minute refusal of Hill's alibi witness to take the stand. Ms. Wood explained that she had planned to put Hill's alibi witness and Hill on the stand. She stated that she did not object to the prosecutor's impermissible questions about prior crimes because they would inevitably come out when he testified, and she thought it prefereable that the jury learn about them first through Mrs. McGee, an upstanding woman who believed in Hill's credibility even though he had been in prison. At the last minute, after McGee had testified, the alibi witness declined to testify and Hill decided not to take the stand. By then the jury was already aware of his prior convictions.
 
 
 2
 Hill also objects to Ms. Wood's use of a mugshot in an effort to counter the government's theory that Hill had recently attempted to alter his appearance. She used the shot to get a police officer to compare Hill's past and present appearance. This occurred at a point in the trial when Hill was still expected to take the stand and his prior record to be put before the jury.
 
 
 3
 Hill relies on Lyons v. McCotter, 770 F.2d 529 (5th Cir. 1985), in which the Fifth Circuit affirmed the granting of a writ of habeas corpus to a defendant whose lawyer failed to limit cross-examination testimony about the nature of his client's prior criminal conviction. In Lyons, though, the Court could find 'no strategic basis' for allowing the jury to hear this testimony. 770 F.2d at 534. Here, the plan was for Hill to testify. Had he testified, as expected, evidence of his prior convictions would have been admissible. And, although evidence of time have been admissible in prison would not, we think failure to object to a brief reference to his prison record was not a constitutionally fatal tactical error in light of the trial plan developed by Ms. Wood and Hill.
 
 
 4
 Hill also claims that the trial court deprived him of an opportunity to present a defense when it refused to allow his expert witness to testify about the reliability of identification testimony by witnesses under stress. Hill argues that his expert's testimony was of 'critical importance' to his case and that by excluding it the trial court deprived him of the opportunity to present a defense. In Matlock v. Rose, 731 F.2d 1236 (1984), this Court held that refusal to permit the testimony of a psychologist did not deprive the petitioner of an insanity defense. State rules of evidence limiting expert opinion are not constitutionally invalid when the scientific basis for such testimony is debatable and not firmly established. States may control their own rules of evidence unless the rule is fundamentally unfair or violates a specific provision of the constitution like the confrontation or self-incrimination clauses. And, exclusion of the expert testimony here in no way prohibited Hill from arguing the reliability issues to the jury. Ms. Wood's efforts to get the expert proof in does show, however, her diligence in preparing her case for trial and reinforces our view that she was not guilty of ineffective assistance.
 
 
 5
 The judgment of the District Court is AFFIRMED.